[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10809

Non-Argument Calendar

_____

GREG GARDNER,
as guardian of and for the benefit of Peter Gardner,

Plaintiff-Appellant,

*versus*

LAURA MCCULLOUGH,
Police Chief, Georgia Southern University
Police Department in her official and individual capacity,
JOSHUA GAGE BARKER,
in his official and individual capacity,
JACOB LANE-ALLEN HEATHERLY,
in his official and individual capacity,
STEPHANIE MCCARTHY,
in her official and individual capacity,

2                    Opinion of the Court                    23-10809

JAMES GRACEN, et al.
in his official and individual capacity,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:22-cv-00030-JRH-CLR

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

During Peter Gardner's freshman year at Georgia Southern University, he was approached by police officers responding to a report that a man matching Peter's description was seen in a student building taking pictures of a three-year-old girl. Officers reviewed photos on Peter's phone, which included photos and videos of the young girl as well as other photos taken going up female skirts and dresses. Peter admitted to being sexually attracted to girls in underwear and indicated that was why he took photos of the three-year-old girl. The officers took Peter to the university's police station and then to the Bulloch County Sheriff's Office where he was booked and remained for six days.

Defendant-Appellee Officer Barker, one of the officers who approached Peter on campus and interviewed him at the police station, applied for four arrest warrants for Peter. A magistrate judge reviewed, signed, and issued the arrest warrants. Peter then appeared before a judge for a bond hearing where he was ordered confined to his parents' home unless under direct adult supervision and prohibited from having access to the internet or inappropriate television. Several years later, the district attorney's office dismissed the warrants.

Greg Gardner, on behalf of his son, Peter, filed a 42 U.S.C. § 1983 suit against multiple Georgia Southern University police officers for various claims, including malicious prosecution. The district court dismissed the suit for failure to state a claim. Gardner appeals the dismissal of the malicious prosecution claim, arguing that the district court erred in finding the officers were not the cause of the decision to prosecute and that it applied the incorrect standard regarding probable cause. After careful review of the parties' arguments, we affirm.[1]

To prevail on a § 1983 claim for malicious prosecution against police officers, the plaintiff "must prove both 'a violation of [his] Fourth Amendment right to be free of unreasonable seizures' and 'the elements of the common law tort of malicious

---

[1] "We review *de novo* a dismissal of a complaint for failure to state a claim, and we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir. 2021).

prosecution.'" *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) (quoting *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019)). Under the common-law elements of malicious prosecution, a plaintiff must prove (1) that the officers "instituted or continued" a criminal prosecution against him, (2) "with malice and without probable cause," (3) that terminated in his favor, and (4) that caused damage to him. *Id.*

Defendants-Appellees argued below and now on appeal that Gardner fails at prong one because he cannot demonstrate that the officers "instituted or continued" Peter's prosecution. Rather, they say, two intervening acts broke the chain of causation: the magistrate judge who reviewed the warrant applications and issued the warrants, and the superior court judge who held a bond hearing and decided to place Peter on home confinement. The district court agreed and held that Gardner failed at prong one finding that Gardner had "not sufficiently alleged a claim for malicious prosecution against Defendants as there are no allegations they were responsible for the decision to issue the warrants or to put Peter on home confinement which are the only possible bases for his malicious prosecution claim."

On appeal, Gardner argues that our decision in *Williams* has altered the analysis regarding the causal chain and that now the analysis is "whether the officer supplied the magistrate sufficient and accurate information to find probable cause." In *Williams*, we explained that for plaintiffs who complain of seizure in violation of the Fourth Amendment, "the relevant injury is the seizure that

23-10809          Opinion of the Court          5

followed the arrest warrant, not the broader prosecution." 965 F.3d at 1167. For disputes over seizure following the arrest warrant, we ask "whether the officers intentionally provided materially false statements to support the arrest warrant that justified at least part of that seizure." *Id.* If yes, "such false statements would be enough to establish a claim of malicious prosecution."[2] *Id.*

While the district court did not use this exact formula when deciding that Defendants-Appellees were not the legal cause for Peter's prosecution, it did find that "Plaintiff's Complaint, accepted as true, does not allege any falsity in Defendant Barker's warrant applications." Because there are no allegations that there were false statements submitted to support the arrest warrants that were issued for Peter, we agree with the district court that Gardner has failed to state a claim for malicious prosecution.

\* \* \*

As we understand from Gardner's briefing, he also argues dismissal was improper because the district court used the "any-crime" standard of probable cause, and that under the proper analysis, the officer who applied for the warrants should have known

---

[2] We understand that the *Williams* court was analyzing prong four here—whether the officers had caused damage—but we recognize that the intervening acts of others can be relevant under both prongs one and four of the malicious prosecution analysis. *See Eubanks v. Gerwen*, 40 F.3d 1157, 1161 (analyzing intervening acts of others under prong one); *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989) (analyzing intervening acts of others under prong four); *Williams*, 965 F.3d at 1167 (citing both *Eubanks* and *Barts* in the prong four analysis).

he lacked probable cause or made misstatements in the warrant applications.  Gardner is correct that we held in *Williams* that the any-crime rule does not apply to malicious prosecution and that the charge-specific standard applies.  965 F.3d at 1162.  Along this line, we ask "whether the judicial officer who made the probable-cause determination had sufficient, truthful information to establish probable cause."  *Id*. at 1163.

This is, however, not relevant to the appeal currently before us.  The district court did not reach a question of probable cause because, as discussed above, it dismissed the malicious prosecution claim on prong one—that the officers did not "institute or continue" a criminal prosecution against Peter.  The district court explicitly acknowledged it was not addressing any other arguments, including the officers' arguments that they had probable cause.  Therefore, we will not address Gardner's arguments regarding probable cause.  We will not address the Defendants-Appellees' argument regarding qualified immunity for the same reason.

**AFFIRMED.**